**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12CV-00041-JHM**

**BRIAN YOUNG AND SHONDUS YOUNG** **PLAINTIFFS**

**V.**

**SCA PERSONAL CARE, INC.** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant for summary judgment [DN 16] and on a motion by Plaintiffs to supplement their response to the motion for summary judgment [DN 22]. The Court has considered the supplement submitted by Plaintiffs in deciding the motion for summary judgment. Fully briefed, these matters are ripe for decision.

**I. STANDARD OF REVIEW**

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine

factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.  It is against this standard that the Court reviews the following facts.

## II.  BACKGROUND

On March 6, 2011, Plaintiff, Brian Young (hereinafter "Plaintiff"), sustained a work related injury while employed as a security guard for Securitas Security System USA, Inc. ("Securitas") at a manufacturing and distribution facility owned by Defendant, SCA Personal Care, Inc, in Bowling Green, Kentucky.  Defendant is in the business of developing, producing, and marketing adult personal care products.  The Bowling Green facility consists of a manufacturing line, shipping area, and storage space, totaling an area in excess of 370,000 square feet.

On September 1, 2009, Defendant contracted with Securitas  for the provision of security at the Bowling Green facility.  (Service Agreement, 9/1/2009.)  Pursuant to that Agreement, Securitas agreed to provide 24 hour security at Defendant's facility, conduct fire walks throughout the facility, and open and close gates for shipping and receiving.  (Id., Appendix A.)  The Agreement also required Securitas to provide and maintain workers' compensation insurance for Securitas employees who performed work at SCA's facility.  (Id.)  Plaintiff began working for Securitas at SCA's facility on March 12, 2010, as a Security Officer.  As part of his job duties, Plaintiff patrolled the warehouse, controlled entry and exits of deliveries and shipment, cleared paths during inclement weather, checked the identification of visitors and contractors, and wrote reports.  (Plaintiff's

Answers to Interrogatories, Report of Dr. Timir Banerjee, 8/31/11.)

On March 6, 2011, Plaintiff was working the twelve hour night shift and was in the warehouse area of SCA when he received a call from a truck at the rear entrance requesting entry to the facility. Plaintiff left his desk to check-in the vehicle. While in the warehouse area, Plaintiff noticed that a double set of pallets had fallen. While in the process of investigating the pallets, a 40-pound box fell and struck Plaintiff in the head and neck causing personal injuries. It is undisputed that Plaintiff suffered a work-related injury and that the injury was sustained in the course and scope of his employment with Securitas. Following Plaintiff's injuries, Plaintiff received workers' compensation benefits from Securitas. Specifically, Plaintiff stated in his answers to interrogatories that he "received TTD benefits and payment for some medical treatment by the workers' compensation carrier for Securitas." (Plaintiff's Answers to Interrogatories at 9, DN 21-2.)

On February 29, 2012, Plaintiff Brian Young filed suit against Defendant in the Warren Circuit Court asserting claims for negligence and punitive damages. Plaintiff Shondus Young filed a claim for loss of consortium. Plaintiff alleges that "the Defendant was negligent and reckless in maintaining their warehouse resulting in a box weighing approximately 40 pounds striking Brian Young in the head." (Complaint at ¶ 9.) Defendant removed the action from state court to this Court on March 23, 2012. Defendant filed an answer denying liability for the injuries. In addition, Defendant affirmatively plead that Plaintiffs' claims are barred by the exclusive remedy sections of the Kentucky Workers' Compensation Act. Defendant argues that it is a "statutory employer" within the provisions and definitions in KRS § 342.610(2)(b) and KRS § 342.690. The Defendant now moves for summary judgment on this issue. In contrast, Plaintiff contends that Defendant is not the statutory employer of Plaintiff because Plaintiff was not performing work that is a regular or

3

recurring part of the work of Defendant.   Additionally, Plaintiff contends that there has been insufficient discovery and the motion for summary judgment is premature.

## III.  DISCUSSION

### A.  Exclusive Remedy of Kentucky Workers' Compensation Statute

KRS §342.690(1) provides that if an employer secures payment of workers' compensation under Chapter 342, "the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer . . . ."  For purposes of this section, "the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation."   Granus v. North Am. Philips Lighting Corp., 821 F.2d 1253, 1257 (6th Cir. 1987) (citing KRS § 342.690).

KRS §342.610(2) provides in part as follows:

> A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. . . .  A person who contracts with another: . . .
> (b)      To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person
> shall for the purposes of this section be deemed a contractor, and such other person a subcontractor. . . .

KRS §342.610(2).

"The purpose of the provision of KRS 342.610 that a contractor is liable for compensation benefits to an employee [of] a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people."   Fireman's Fund Ins. Co. v. Sherman & Fletcher, 705 S.W.2d 459, 461 (Ky. 1986).  By the same token, "if a defendant qualifies as a contractor, 'it has no liability in tort to an injured employee of a subcontractor' once worker's compensation benefits

4

are secured." <u>Giles v. Ford Motor Co.</u>, 126 Fed. Appx. 293, 295 (6th Cir. April 4, 2005)(quoting

<u>Fireman's Fund</u>, 705 S.W.2d at 461).   Essentially, "the Act treats the employees of a subcontractor

as *de jure* employees of the contractor for the purposes of guaranteeing worker's compensation

benefits." <u>Giles</u>, 126 Fed. Appx. at 295.

The issue presented in this case is whether the work being performed by Plaintiff, as an

employee of Securitas, was a "regular or recurrent" part of Defendant's business under KRS §

342.610(2)(b).   KRS § 342.610(2)(b) provides that a contractor is one who contracts with another

"[t]o have work performed of a kind which is a regular or recurrent part of the work of the trade,

business, occupation, or profession of such person." KRS § 342.610(2)(b).   Under Kentucky law,

"recurrent" simply means occurring again or repeatedly.   <u>Daniels v. Louisville Gas and Elec. Co.</u>,

933 S.W.2d 821, 924 (Ky. Ct. App. 1996); <u>Pennington v. Jenkins-Essex Constr., Inc.</u>, 238 S.W.3d

660, 664 (Ky. Ct. App. 2006).   "Regular" generally means customary or normal, or happening at

fixed intervals.   <u>Id</u>.   <u>See also</u>   <u>General Elec. Co. v. Cain</u>, 236 S.W.3d 579, 588 (Ky. 2007)("It is work

that is customary, usual, or normal to the particular business (including work assumed by contract

or required by law) or work that the business repeats with some degree of regularity, and it is of a

kind that the business or similar businesses would normally perform or be expected to perform with

employees.").   "Even though [a Defendant] may never perform that particular job with his own

employees, he is still a contractor if the job is one that is usually a regular or recurrent part of his

trade or occupation." <u>Fireman's Fund</u>, 705 S.W.2d at 462.   <u>See also</u> <u>Blasko v. Mercy Health</u>

<u>Partners-Lourdes, Inc.</u>, 2010 WL 5018168, *4 (Ky. Ct. App. Dec. 10, 2010); <u>Black v. Dixie</u>

<u>Consumer Products LLC</u>, 2010 WL 497668, *6 (W.D. Ky. Feb. 5, 2010); <u>Burroughs v. Westlake</u>

<u>Vinyls, Inc.</u>, 2008 WL 5192237, *4 (W.D. Ky. Dec. 11, 2008); <u>Franke v. Ford Motor Co.</u>, 398 F.

Supp. 2d 833, 839 (W.D. Ky. Oct. 31, 2005); Daniels v. Louisville Gas and Elec. Co., 933 S.W.2d

821, 823 (Ky. Ct. App. 1996).  Thus, the fact that a defendant did not ordinarily perform the work

itself, but usually subcontracted the work to others is a "distinction ... of no significance" under the

statutes.  Granus, 821 F.2d at 1257.

The security of Defendant's facility and the safety of those on the premises are regular and

recurrent parts of its manufacturing, shipping, and storage operations.  Stamper v. Stainless Steel

Invest, Inc., 2012 WL 2590353 (E.D. Ky. July 3, 2012)(work as a security guard which included

patrolling the premises to check for safety or security issues and opening gates for incoming and

outgoing vehicles found to be regular and recurrent).  In the present case, Securitas security

personnel provided twenty-four hour monitoring of gates and vehicles entering the facility, patrolled

the warehouse, controlled the entry and exits of deliveries and shipment, cleared paths during

inclement weather, periodically swept the floors, and checked the identification of visitors and

contractors.  "[Plaintiff's] duties occurred frequently, and were not only a necessary part of

[Defendant's] business, but were customary, usual, and normal to the defendant[]."  Id. at *5.  While

Plaintiff is correct that Defendant is in the business of manufacturing and distributing adult personal

care products, the Court rejects the argument that security services are merely beneficial or

incidental to the work of the Defendant.  As noted by the Kentucky Supreme Court in Fireman's

Fund v. Sherman & Fletcher, 705 S.W.2d 459 (Ky. 1986), "[e]ven though [a Defendant] may never

perform that particular job with his own employees, he is still a contractor if the job is one that is

usually a regular or recurrent part of his trade or occupation."  Fireman's Fund, 705 S.W.2d at 462.

Further, "Kentucky case law is clear that activities beyond one's primary business objective may

qualify under section 342.610."  Thompson v. The Budd Co., 199 F.3d 799, 805 (6th Cir.

6

1999)(maintenance of a plant's heating, ventilation, and air conditioning system constituted a recurrent part of the defendant's manufacturing process).  See also Himes v. United States, 645 F.3d 771, 781 (6th Cir. 2011)("[M]aintenance work on an employer's physical plant is classified as a matter of law to be a regular and recurrent part of the employer's business.")).  While security services may not have been the direct business of Defendant, it is a routine and recurrent task necessary for running the facility.  Himes, 645 F.3d at 781 ("the mowing that Himes performed at the [Army base] may not have been the [Army's] direct business;" however, it was a routine maintenance task necessary for the running of the facility).  Plaintiffs have provided no authority to the contrary.  Therefore, the Court finds there is no genuine dispute that Defendant contracted with Securitas to perform "work . . . of a kind which is a regular or recurrent part" of Defendant's business.  Defendant is deemed to be a contractor within the meaning of the Kentucky Workers' Compensation Act.  Thus, Plaintiff's complaint is barred by the exclusive remedy of workers' compensation, and the Defendant's motion for summary judgment is granted.

**B.  Loss of Consortium Claim**

Plaintiff Shondus Young is asserting a claim for loss of consortium and services as a result of her husband's injuries.  However, "such an action is derivative in nature, arising out of and dependent upon the right of the injured spouse to recover." Stamper, 2012 WL 2590353, *5 (quoting McDaniel v. BSN Medical, Inc., 2010 WL 4779767, *4 (W.D. Ky. Nov. 16, 2010)(citing Floyd v. Gray, 657 S.W.2d 936, 941 (Ky. 1983)(Leibson, J., dissenting)).  Since Defendant is entitled to summary judgment on the claims of Brian Young, Defendant is also entitled to summary judgment on the claim for loss of consortium asserted by Shondus Young.

### C.  Discovery

In response to the motion for summary judgment, Plaintiffs argue that the summary judgment motion is premature because very little discovery has been completed.  Specifically, in its response, Plaintiffs note that in support of its motion for summary judgment, Defendant attached an unauthenticated contract, an unauthenticated change request form, and an unauthenticated transcript of an interview between Plaintiff and the workers' compensation insurance carrier.  Accordingly, Plaintiffs claim the motion for summary judgment is premature. (See Plaintiffs' Response at 1-2.) Additionally, in their motion to supplement their response, Plaintiffs also note that discovery will also provide evidence that the Defendant was negligent and that Brian Young was subject to injuries not as a result of the actions of his employer, but as a result of the negligent acts of Defendant. (See Plaintiff's Supplement at 1-2.)  After a review of Plaintiffs' arguments, the Court finds that the motion for summary judgment on the limited issue of whether Plaintiffs' claims are barred by the exclusive remedy sections of the Kentucky Workers' Compensation Act does not warrant further discovery.

First, it is undisputed that Plaintiff was employed by Securitas, he was injured in the course and scope of his duties, and Securitas secured payment of workers' compensation. The single issue presented in this motion is whether the work being performed by Plaintiff, as employees of Securitas, was a "regular or recurrent" part of Defendant's business under KRS § 342.610(2)(b). The information mentioned by Plaintiff necessitating discovery does not relate to whether the work performed by Plaintiff was a regular or recurrent part of Defendant's business.  Defendant offered information related to the nature of Plaintiff's job.  Plaintiff had the ability to challenge Defendant's characterization of his job description through his own affidavit, but did not.

8

Second, Plaintiffs' request fails to conform to the requirements of Fed. R. Civ. P. 56(d). Plaintiffs' counsel did not attach a declaration or affidavit in support of Plaintiffs' need for discovery.   Additionally, the Plaintiffs did not show how further discovery would rebut the Defendant's showing of the absence of a genuine dispute of material fact on this issue.  Fed. R. Civ. P. 56(d); see also Singleton v. United States, 277 F.3d 864, 872 (6th Cir. 2002) ("[A] district court need not allow additional discovery by the nonmoving party if the party does not explain how such discovery would rebut the movant's showing of the absence of a genuine issue of material fact.")

Third, Plaintiffs filed a motion to compel Defendant to produce discovery related to interrogatories and request for production of documents.  Defendant objected arguing that all of the information necessary to a resolution of the "regular or recurrent part of the work" issue was presently before the Court.  At the request of Plaintiffs, the Magistrate Judge held a telephonic conference with the parties and "the Plaintiffs agreed that only Interrogatory Number 3 was pertinent to the issues in the pending motion for summary judgment. . . ."  The Magistrate ordered Defendant to respond to Interrogatory Number 3.[1]  (DN 28.)  On December 12, 2012, Defendant tendered the required documentation bates numbered SCA/Young 1001-1480.  (DN 29.)  Plaintiffs have not supplemented their response to the motion for summary judgment in anyway based on the production of documents.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant for summary judgment [DN 16] is **GRANTED** and the motion by Plaintiffs to supplement their

---

[1]Interrogatory No. 3 states: "Please produce any documentation related to the accident between SCA Personal Care, Inc. and Securitas' carrier Sedgwick CMS." (DN 23-1.)

9

response [DN 22] is **GRANTED**.  The Court will enter a Judgment consistent with this Opinion.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 22, 2013

10